IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LIPSKA,

       Plaintiff,

       v.

CHELSEA DEFFENBACHER,
BOB ROMIG, and MICHELLE
MAXWELL,

       Defendants.

Case. No. 6:20-cv-01801-MC

OPINION AND ORDER

_____

MCSHANE, Judge:

    *Pro se* plaintiff Christopher Lipska seeks leave to proceed *in forma pauperis* (IFP). The Court, under 28 U.S.C. § 1915(e)(2), must screen applications to proceed IFP and dismiss any case that is frivolous or malicious, or fails to state a claim on which relief may be granted.

    District courts are courts of limited jurisdiction. *Exxon Mobile Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). The party asserting jurisdiction bears the burden of establishing jurisdiction, and the presumption is that the district court lacks jurisdiction. *Vacek v. United States Postal Serv.*, 447 F.3d 1248, 1250 (9th Cir. 2006).

    Plaintiff alleges "libel and defamation of character" and contends that this Court has jurisdiction under 42 U.S.C § 1983. A private person can be held liable for violating the civil rights of another under § 1983, if that person acted under color of state law. A person acts under the color of state law if their acts can be "fairly attributable" to the state. *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 937 (1982). To constitute fair attribution: (1) the deprivation of rights must

1 – OPINION AND ORDER

have a causal connection to the exercise of "some right created by the state or by a rule of conduct imposed by the state or by a person for whom the state is responsible," and (2) "the party charged with deprivation must be person who may fairly be said to be a state actor." *Id.*

All three defendants here are employees of The Register-Guard, a private newspaper published in Eugene. Because the named defendants are journalists and editors for a private company whose actions are not "fairly attributable" to the state, Plaintiff has not presented a federal question. *Id.*

And Plaintiff's claim also lacks diversity jurisdiction. Diversity jurisdiction requires that the plaintiff and defendant be "citizens of different states." 28 U.S.C. § 1332(a)(1). Plaintiff has the burden of showing diversity of citizenship. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 853–58 (9th Cir. 2001). Plaintiff is a resident of Oregon and Defendants also appear to be residents of Oregon. There is therefore no diversity jurisdiction here.

As it appears this Court lacks subject matter jurisdiction, this action is DISMISSED and Plaintiff's pending Motion for Appointment of Pro Bono Counsel, ECF No. 3, is DENIED as moot.

IT IS SO ORDERED.

DATED this 24th day of November, 2020.

                                               /s/ Michael McShane
                                                  Michael McShane
                                          United States District Judge

2 – OPINION AND ORDER